**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **EIN JULIAN, #Y44328,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-00685-JPG** |
| | ) | |
| **BRAD CALHOUN and JOHN DOE,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ein Julian, an inmate in custody of the Illinois Department of Corrections and currently incarcerated at Pontiac Correctional Center, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations at Marion County Jail. In the Complaint, Plaintiff alleges that Brad Calhoun and John Doe used excessive force against him and denied him medical care for his injuries in January 2026. He seeks monetary relief.

The Complaint (Doc. 1) is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or ask for money damages from a defendant who is immune from such relief. *Id*. The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-7): Sergeants Brad Calhoun and John Doe approached Plaintiff's cell between 2:30-3:45 p.m. on January 22, 2026. *Id*. at 2. As they antagonized him about his mental health issues, Plaintiff asked to speak with a

mental health professional. Sergeant Calhoun responded by opening Plaintiff's cell door and attacking him, while Sergeant Doe knocked him to the floor. *Id*. at 3. Defendants proceeded to kick Plaintiff in the shoulder and stomach for several minutes. He was then placed in a holding cell for several hours without medical treatment. Plaintiff repeatedly used the emergency intercom to call for help. He also reported that he lost feeling in his shoulder. Several hours later, a nurse looked at his shoulder and agreed that it was deformed. Plaintiff was sent to a hospital for emergency medical treatment for his "torn shoulder blade." *Id*. He still suffers from physical and emotional pain. *Id*.

## Discussion

Based on the allegations, the Court designates the following counts in the *pro se* Complaint:

**Count 1:** Defendants subjected Plaintiff to the unauthorized use of force and/or failed to intervene and stop its use on January 22, 2026.

**Count 2:** Defendants denied Plaintiff necessary medical care for injuries caused by the unauthorized use of force against him on January 22, 2026.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The applicable legal standard for both claims depends on Plaintiff's legal status on January 22, 2026. The claims are governed by the Fourteenth Amendment Due Process Clause, if he was a pretrial detainee, and the Eighth Amendment Cruel and Unusual Punishment Clause, if he was a convicted person. To state a claim under the Fourteenth Amendment, a pretrial detainee must allege that each defendant acted purposefully, knowingly, or perhaps even recklessly in response to conditions posing an excessive risk to his health or safety and each defendant's actions were objectively unreasonable. *See Kingsley v. Henderson*, 576 U.S. 389 (2015) (Fourteenth

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Amendment excessive force claim); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (Fourteenth Amendment medical care claim); *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019) (Fourteenth Amendment conditions of confinement claim). To state a claim under the Eighth Amendment, a prisoner must allege that each defendant acted with deliberate indifference to an excessive risk to his health or safety. *See Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009) (Eighth Amendment excessive force claim); *Estelle v. Gamble*, 429 U.S. 97 (1976) (Eighth Amendment medical care claim); *Farmer v. Brennan*, 511 U.S. 825 (1994) (Eighth Amendment conditions of confinement claim). The allegations satisfy both standards for an excessive force/failure to protect claim (Count 1) and denial of medical care claim (Count 2) against Sergeant Calhoun and Sergeant Doe. Counts 1 and 2 survive screening against the defendants, and the applicable legal standard can be determined during discovery.

**Identification of Unknown Defendant**

Plaintiff will be allowed to proceed with Counts 1 and 2 against Sergeant John Doe. However, the defendant must be identified by name before service of the lawsuit can be made on him. Plaintiff will have the opportunity to engage in limited discovery to ascertain the unknown defendant's identity. The Current Jail Administrator of Marion County Jail will be added as a defendant, in an official capacity, and will be responsible for responding to discovery aimed at identifying the unknown defendant by first and last name. Once the Jail Administrator enters an appearance, the Court will enter a Doe Identification Order with instructions and deadlines for exchanging information to help identify the defendant. Once the name of this defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designations in the Complaint.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, and **COUNTS 1** and **2** will proceed against **SERGEANT BRAD CALHOUN** and **SERGEANT JOHN DOE** (once identified). The **CURRENT JAIL ADMINISTRATOR OF MARION COUNTY JAIL** is **ADDED** as a defendant, in an official capacity only, for the purpose of responding to discovery aimed at identifying Sergeant John Doe.

With regard to **COUNTS 1** and **2**, the Clerk of Court shall prepare for **BRAD CALHOUN** and **JOHN DOE (once identified)**, in their individual capacities, and the **CURRENT JAIL ADMINISTRATOR OF MARION COUNTY JAIL**, in an official capacity: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to SDIL-Local Rule 8.2, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the CURRENT JAIL ADMINISTRATOR of MARION COUNTY JAIL (official capacity only) as a party in CM/ECF and ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED: 9/9/2026**

J. Phil Gilbert

**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file Answers to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.